*Bartlett &amp; Hancock*, for the plaintiff.
*Aylwin &amp; Paine*, for the defendants.

────

ISAAC PARKER *vs.* ALVIN ADAMS.

An action for an injury received from a collision of carriages passing on a public road cannot be maintained by a party who was guilty of negligence at the time of the collision, although the other party was also guilty of negligence, and was on the wrong side of the road.

THIS was an action of trespass upon the case, to recover damages alleged to have been sustained by the plaintiff, by reason of the negligence and carelessness of the defendant's servant.   The trial was in the court of common pleas, before *Ward*, J. who signed the following bill of exceptions:

" The plaintiff offered evidence tending to show that his servant, driving his four wheeled chaise or buggy, was passing down Court Street, towards State Street, on the right hand side of the street, at a moderate pace, and that the said vehicle was there run against by the defendant's express wagon, which was under the care and management of the defendant's servant, and by the negligence and carelessness of the defendant; and that the defendant's wagon was passing up the said street, on the left hand side of said street, whereby the collision was occasioned.

" The defendant offered evidence tending to show that his express wagon, under the care and management of his servant, was passing up Court Street, on the right hand side of the street, behind other vehicles, and upon a walk, and that the plaintiff's servant, who had the care and management of the plaintiff's horse and vehicle, by his own carelessness and negligence, drove against the defendant's wagon, and thereby occasioned the damage in question; and that there was no negligence or carelessness on the part of the defendant's servant. And in this matter there was a conflict of testimony.

" The court instructed the jury, that if they were satisfied that the defendant did not, on the said occasion, use ordinary care, or was guilty of negligence, their verdict would be for the plaintiff; that if they were satisfied that the plaintiff did not use ordinary care, or was guilty of negligence, their verdict would be for the defendant; that if the collision was caused by the negligence of both parties, the verdict must be for the defendant.

" The plaintiff's counsel asked the court to instruct the jury, that if, from the evidence, they were satisfied that the defendant's servant was upon the left hand side of the street at the time of the collision, then by force of the revised statutes, chapter 51, defining the law of the road, the defendant was, at all events, liable for the damage occasioned; this being, by the statute itself, such negligence as to render the defendant liable, notwithstanding any negligence on the part

of the plaintiff. The court declined so to instruct the jury, but did instruct them, that if they were satisfied, from the evidence, that the defendant's servant was on the left hand side of the street, it was evidence strongly tending to show the want of ordinary care on the part of the defendant, but that this was subject to be controlled by the other evidence in the case.

" The jury found for the defendant. At the request of the plaintiff's counsel, the jury, being asked the grounds of their verdict, replied that they found the collision to have been occasioned by the negligence of both parties."

*H. M. Parker*, for the plaintiff.

*A. H. Fiske*, for the defendant.

Dewey, J. The decision of the present case only requires, as we apprehend, the application of well settled principles, which have been often applied to analogous cases. The plaintiff alleges that he received an injury while travelling lawfully upon a public street in the city of Boston. That injury arose from a collision of two vehicles driven by the servants of the two litigating parties. To entitle the plaintiff to recover of the defendant damages for the injury he thus sustained, he must show the injury to have been attributable to the misconduct of the defendant, and under such circumstances as to exonerate himself from all neglect of duty on his part. The general question, as to the relative duties of persons travelling on a public way, was considered by the court, in the case of *Lane* v. *Crombie*, 12 Pick. 177, where it was held that, in an action for an injury alleged to have been occasioned by the negligence of the defendant in driving upon the highway, the burden of proof is upon the plaintiff, not only to show negligence and misconduct on the part of the defendant, but ordinary care and diligence on his own part. A similar principle had previously been applied, in the case of *Smith* v. *Smith*, 2 Pick. 621, where the plaintiff alleged that he had sustained an injury by reason of an obstruction unlawfully placed by the defendant in the highway. It was held that the plaintiff could not recover

damages, if it appeared that he had not used ordinary care to avoid injury from such obstruction. See also *Washburn* v. *Tracy*, 2 Chip. 128.

The cases of actions against towns, for injuries occasioned by reason of their neglect to keep the public roads in safe and convenient repair, afford an illustration of the rule. *Thompson* v. *Inhabitants of Bridgewater*, 7 Pick. 188. *Adams* v. *Inhabitants of Carlisle*, 21 Pick. 146. In such cases, the plaintiff does not entitle himself to a verdict by establishing the fact of a defective highway, known to be such by the town, (however strong the evidence may be of the negligence of the town in relation to the want of repair of the way,) though an actual damage be sustained by him in travelling on such way. The plaintiff must go further, and show, affirmatively, that he was using ordinary care and diligence in travelling upon the road. Without this, no matter how culpable the town may be, the plaintiff cannot recover damages for any injury he may sustain by reason of any defect in such highway.

This principle was much earlier applied, in the case of *Butterfield* v. *Forrester*, 11 East, 60. In that case, the defendant, while making some repairs upon his dwelling-house, had obstructed the public street, and by reason of such obstruction the plaintiff had received damage; but it further appeared that the injury was received while he was riding furiously against the obstruction, when, with ordinary care, he might have avoided it. Lord Ellenborough said, "two things must concur to support this action; an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." Various subsequent English cases might be cited affirmatory of the general doctrine. I will refer only to *Bridge* v. *Grand Junction Railway Co.* 3 Mees. & Welsb. 244.*

It is contended, however, that this action may be maintained, by virtue of the provision of Rev. Sts. *c.* 51, § 1,

---

* See Angell on Carriers, §§ 556 – 559.

requiring that every traveller "shall seasonably drive his carriage, or other vehicle, to the right of the middle of the travelled part of the road, so that the respective carriages, or other vehicles, may pass each other without interference;" and the further provision in § 3, that every person, offending against the preceding provision, shall be liable to any party for all damages sustained by reason of such offence. It is insisted that the defendant, being on the wrong side of the road, in violation of the provisions of the statute, was at all events liable for all damages occasioned thereby, notwithstanding any negligence on the part of the plaintiff. This position, we think, is untenable. The defendant, in the case at bar, was in no more fault from being on the wrong side of the road, than the party who obstructs the highway in violation of law, or the town which has, in direct violation of the statute, neglected to keep the highway in safe and convenient repair. In both those cases, the parties have acted in violation of law, and are liable to be prosecuted criminally therefor; but a responsibility to a private person does not necessarily result therefrom. The traveller on the public highway is not, with foolhardiness, as it is sometimes termed, to rush into danger because his fellow traveller, or the town, has wrongfully given him the opportunity to receive an injury. On the contrary, he must use ordinary care and prudence to avoid an injury that might otherwise result from the defaults of others. The rule which I have stated applies with full force to an obstruction, or exposure to a collision, occasioned by another's travelling on the wrong side of the road. And it is of practical importance that it should be so, as, from the very nature of the case, travellers will frequently be found upon the side of the road interdicted by the statute. The traveller may well occupy any part of the road, if no other person is occupying any portion of it. When, by reason of meeting another traveller, the occasion requires it, he must seasonably turn to the right. The law imposes this duty; but his disregard of that duty will not justify the traveller, who may be on the proper side of the road, in voluntarily or

carelessly permitting himself to be injured, either in his person or property, and then seeking to recover damages therefor of his fellow traveller, who was wrongfully on the left of the centre of the road. This precise question arose in *Kennard* v. *Burton*, 12 Shepley, 39, in which the supreme court of Maine held that where two persons meet, when travelling upon the public highway, and a collision takes place, by which one of them is injured, to entitle him to maintain an action for damages, the injury must not have been caused by any want of ordinary care, on his part, to avoid it, although he was travelling on the right side of the road, and the other party was not. The rule was stated to be this: " If the party, by want of ordinary care, contributed to produce the injury, he will not be entitled to recover." That case is directly in point, and fully confirms the general principles which seem to us properly applicable to a case like the present. The cases of *Pluckwell* v. *Wilson*, 5 Car. & P. 375, and *Williams* v. *Holland*, 6 Car. & P. 23, sustain the same doctrine. In the former of these cases, it is said by Alderson, J. " if the plaintiff's negligence in any way concurred in producing the injury, the defendant would be entitled to the verdict." See also *Wayde* v. *Lady Carr*, 2 Dowl. & Ryl. 255.

The only case that I have seen, which can be supposed to conflict with the views we have stated as the law applicable to this case, is that of *Fales* v. *Dearborn*, 1 Pick. 345. That was the case of a chaise coming from the right of the centre of the road, and running against the coach of the plaintiff. The instructions to the jury, by the court of common pleas, were, that if the traveller departed from the right side of the road, and interfered with other persons, and damage was done to them, he was responsible for the consequences; and if the jury found that the chaise of the defendant was on the left side of the street which he was coming down, the defendant was answerable for any injury which they might find the plaintiff had sustained. The case seems to have been principally argued and considered upon another point, viz.

the question whether the statute regulating public travel applied to the streets of the city of Boston. No suggestion was made as to the want of ordinary care on the part of the plaintiff; and the case assumes that the injury was wholly attributable to the defendant.

We are satisfied that the correct rule, in such cases as the present, is that which we have stated, and that judgment should be entered upon the verdict for the defendant.

*Exceptions overruled.*